UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

LARRY O. JOHNSON,                )
                                 )
    *Plaintiff*,                 )
                                 )
v.                               )    No. 4:09-cv-13
                                 )    *Mattice/Lee*
LCDC MEDICAL STAFF; SHERIFF MURRY)
BLACKWELDER; JAIL ADMINISTRATOR  )
ROBERT ROWE,                     )
                                 )
    *Defendants*.                )

## **MEMORANDUM AND ORDER**

Plaintiff Larry O. Johnson ("Johnson") filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 (Court Doc. 3). Johnson claims Defendants refuse to protect him and other inmates from an inmate infected with tuberculosis ("TB"), thus exposing them to a substantial risk of serious harm in violation of the Eighth Amendment. In addition, Johnson claims Jail Administrator Robert Rowe and a representative of the medical staff lied to them, stating there was no chance they could contract TB from the inmate because the inmate did not have TB. In addition, they threatened the inmates if they took legal action. Johnson seeks $500,000 for mental anguish and future treatment and medical care expenses (Court Doc.3).

1

At this time, the Court is unable to conclude that the claims are frivolous or malicious or that Defendants are immune from damages or that the complaint does not state a claim for a constitutional violation. Accordingly, the case will be allowed to proceed.

I.  **Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Johnson that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Johnson is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Johnson is an inmate or prisoner in custody at the Lincoln County Jail in Fayetteville, Tennesee, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Johnson shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Johnson's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

(a)  twenty percent (20%) of the average monthly deposits to Johnson's inmate trust account; or

(b)  twenty percent (20%) of the average monthly balance in Johnson's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Johnson's preceding monthly income (or income credited to his trust account for the preceding month), but only

2

when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Sheriff and the Custodian of Inmate Accounts at the Lincoln County Jail, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Johnson's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Johnson shall collect the filing fee as funds become available. This order shall become a part of inmate Johnson's file and follow the inmate if he is transferred to another institution. The agency having custody of Johnson shall continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

Johnson is **ORDERED** to notify and to provide the prison officials at any new institution with a copy of this order if he is transferred to another institution. Failure of Johnson to notify the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

**II.   Identity of Defendants-LCDC Medical Staff**

In addition to identifying specific individuals as Defendants, Johnson also identifies LCDC Medical Staff as a Defendant who violated his constitutional rights. Since the Medical Staff is not a suable entity under § 1983, but rather, is a subdivision of the sheriff's

3

department, it will be dismissed from the lawsuit. *See Horton v. Hamblen County Jail Medical* Staff, 2007 WL 172523, *1 (E.D. Tenn. Jan. 18, 2007); *Sullivan v. Hamilton County Jail Staff*, 2006 WL 1582418, *3 n. 1 (E.D. Tenn. June 5, 2006 (noting that the jail's medical staff and jail staff are subdivisions of the sheriff's department and not a legal entity subject to being sued) (citing to *Fischer v. Cahill*, 474 F.2d 991, 992 (3rd Cir.1973) for its holding that a state prison medical department is not a "person" under § 1983)); *see also Holifield v. Mobile County Sheriff's Dept. of Mobile*, 2008 WL 2246961 (May 29, 2008) (Mobile County Jail Medical Unit was a subdivision of the jail and not a distinct legal entity subject to suit under § 1983).

Accordingly, the Defendant identified as LCDC Medical Staff is **DISMISSED** from this action, subject to Johnson's right to file a motion to amend the complaint with the appropriately named individual(s). *See* Fed.R.Civ.P. 15.

**III.    Service**

The Clerk is **DIRECTED** to send Johnson a service packet (a blank summons and USM 285 form) for each of the remaining Defendants named in this action. Johnson is **ORDERED** to complete the service packet and return it to the Clerk's Office **within twenty (20) days** of the date of receipt of this Order. At that time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Johnson is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendants **SHALL** answer or otherwise respond to the complaint **within twenty (20) days** from the date of service. Defendants' failure to timely respond to the complaint will result in entry of judgment by default against Defendants.

4

Johnson is **ORDERED** to inform the Court, and Defendants or their counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within **ten (10) days** following any change of address will result in the dismissal of this action.

SO ORDERED.

ENTER.

                                                /s/Harry S. Mattice, Jr.
                                                HARRY S. MATTICE, JR.
                                                UNITED STATES DISTRICT JUDGE