UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| LARRY O. JOHNSON, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | 4:09-cv-13 |
| ) | *Mattice* |
| ) | |
| SHERIFF MURRAY BLACKWELDER, ) | |
| et al. ) | |
| ) | |
| *Defendant*s. ) | |

# MEMORANDUM

This is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the defendants' motion for summary judgment. Plaintiff has not filed a response to the motion for summary judgment and the court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the defendants' motion for summary judgment [Court File No. 20] will be **GRANTED**. This action will be **DISMISSED WITH PREJUDICE**.

I.  Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). *See also Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

> Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. The dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the non-moving party. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.

*60 Ivy Street Corp. v. Alexander*, 822 F.2d at 1435-36 (citations omitted).

Once the moving party presents evidence sufficient to support a motion for summary judgment, the non-moving party is not entitled to a trial merely on the basis of allegations.

The non-moving party must present some significant probative evidence to support its position. *White v. Turfway Park Racing Association, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990); *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). Mere allegations of a cause of action will no longer suffice to get a plaintiff's case to the jury. *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

II.  Factual Background

Plaintiff brought this action during his confinement in the jail in Lincoln County, Tennessee; he has since been released from custody. The defendants are Lincoln County Sheriff Murray Blackwelder and Jail Administrator Robert Rowe. In his complaint, plaintiff alleged the following:

3

> On Dec. 4, 2008, I was placed in Cell Block C of Lincoln Jail. On Dec. 11th 2008 [A.M.][1] was removed from C Block due to an adverse effect to a tuberculosis test. On Dec. 13th 2008, I was called to the doctors office here where I received a tuberculosis test. On Dec. 18th, [A.M.] was placed back in C Block even though he tested positive for a disease that can be spread through the air and his condition was well known to every staff member here at Lincoln Co Jail which greatly increased the chances of every inmate in this block of contracting tuberculosis. On or about Dec. 20th, Robert Rowe Jail Administrator and a representative of the medical staff came to Cell Block C and not only lied to us stating that there was no chance of contracting tuberculosis from [A.M.] because he didn't have it, we were threatened to not pursue any legal action. [A.M.] has been proven to be a carrier of Tuberculosis and was scheduled to undergo a 9 month treatment plan through Lincoln County Health Dept. upon his release on January 5th 2009 but apparently never began that treatment apparently because of being an illegal alien in this country.

[Court File No. 3, Complaint, pp. 3-4 (grammatical and spelling errors in original)]. In addition to compensatory damages for mental anguish and stress, plaintiff seeks free medical testing and treatment for up to five years.

In support of their motion for summary judgment, the defendants have submitted the affidavit of Brenda J. Burns. [Court File No. 18, Affidavit of Brenda J. Burns (under seal)]. Ms. Burns testifies that she is a licensed practical nurse, employed by the Lincoln Medical Center in Fayetteville, Tennessee, and works as a nurse at the Lincoln County Jail on a contract basis through the medical center. [*Id.*, p. 1, ¶ 2]. Ms. Burns also testifies that during the time she has worked at the jail, "no inmate has ever been diagnosed with active tuberculosis (TB)." [*Id.*, ¶ 3].

---

[1] The court will refer to the other inmate in question by his initials in order to protect his privacy.

With respect to jail procedures, Ms. Burns testifies that when a person is booked into the jail, he is asked questions relating to his present and past medical history. If the person answers "yes" to questions concerning recent weight loss, coughing, night sweats, or a history of TB, he is administered a TB skin test. [*Id*. at 1-2, ¶ 4]. In addition, prisoners are given a physical examination within fourteen days of the arrival at the jail. If the person cannot give Ms. Burns a date, within one of year of the examination, of a recent TB skin test, or if she cannot verify a TB skin test was performed on the person at another facility, she will give the prisoner a TB skin test. [*Id*. at 2, ¶ 5]. If a prisoner has a positive TB skin test, Ms. Burns schedules a chest x-ray at Lincoln Medical Center as soon as possible. [*Id*., ¶ 6]. Ms. Burns then receives a telephone call from the medical center with the results of the x-ray, and the medical center also faxes the results of the x-ray to her, one of the jail physicians, and the Lincoln County Health Department. [*Id*., ¶ 7].

Specifically as to inmate A.M., Ms. Burns testifies that he had a positive TB skin test, but a negative chest x-ray on December 12, 2008. [*Id*., ¶ 8]. As explained by Ms. Burns:

> A positive TB skin test means that the patient could have a medication allergy, or could have been exposed to a person with TB in the past without knowing it, or could have active TB. The fact that [A.M.] had a negative chest x-ray means that he did not have active TB.

[*Id*.].

Ms. Burns further testifies that on December 15, 2008, she received a copy of the official report of A.M.'s chest x-ray and asked a nurse from the Lincoln County Health Department to come to the jail to interview him. On December 17, 2008, Cindy Cotnam,

5

RN, came to the jail and in Ms. Burns' presence informed A.M. that he did not have active TB; Ms. Cotnam offered A.M. the option of taking two preventative medications, which A.M. wanted to think about. [*Id*. at 3, ¶ 9].

Ms. Burns received numerous inmate grievances stating inaccurately that A.M. had active TB. As a result, she addressed the entire Cell Block C, including plaintiff, on January 2, 2009, along with Chief Jail Administrator Robert Rowe and Officer Jason Gray. At that time she told the prisoners that "no inmate, employee, or any other person in the jail had active TB at that time or in the past." [*Id*., ¶ 11].

Plaintiff has not filed a countervailing affidavit or otherwise responded to the motion for summary judgment. Rule 56(e) of the Federal Rules of Civil Procedure provides, in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Nevertheless, the United States Court of Appeals for the Sixth Circuit has found that a plaintiff's verified complaint, to the extent that the allegations therein are based on personal knowledge, satisfies the requirements of Rule 56(e) as an opposing affidavit. *Hooks v. Hooks*, 771 F.2d 935, 945-46 (6th Cir. 1985). *See also Williams v. Browman*, 981 F.2d 901, 904-05 (6th Cir. 1992); 28 U.S.C. §1746. Plaintiff signed his complaint declaring under

6

penalty of perjury that the complaint was true and correct. Accordingly, this court will consider the verified complaint, to the extent it contains allegations based on personal knowledge, as plaintiff's affidavit under Rule 56(e).

III.    Discussion

The Eighth Amendment protects prisoners against the imposition of "cruel and unusual punishment." Conditions of confinement that are cruel and unusual are included in the Eighth Amendment's prohibition. A prison official violates an inmate's rights under the Eighth Amendment if, acting with deliberate indifference, the official exposes the inmate to a substantial risk of harm to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A claimed Eighth Amendment violation has two components, each of which an inmate is required to prove.

First, the deprivation must be objectively serious so as to result in a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. The second component of an Eighth Amendment claim is a subjective one. There must be a showing of deliberate indifference on the part of the prison official. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Brooks v. Celeste*, 39 F.3d 125, 127-128 (6th Cir. 1994). This requires a showing of more than negligence or lack of due care. It must be shown that the prison official exhibited at least reckless disregard of the inmate's serious health risk. A prison official to be liable, "must both be aware of facts from

7

which the inference could be drawn that a serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

There is nothing in the record to support plaintiff's claim that he was exposed to an active case of TB other than his own self-serving statement. In fact, Ms. Burns' affidavit directly contradicts plaintiff's claim. Plaintiff has thus failed to demonstrate that the defendants exposed him to a substantial risk of harm to his health. Plaintiff having failed to satisfy the first prong of an Eighth Amendment claim, the court is not required to consider the second prong, namely deliberate indifference on the part of the defendants.

In addition, pursuant to the Prison Litigation Reform Act, an inmate may not recover damages for mental or emotional suffering in the absence of a physical injury: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff does not claim that he has contacted TB or otherwise suffered any physical injury, only that he suffered mental anguish from the fear of contacting the disease. Accordingly, he cannot recover damages in that regard.

IV. Conclusion

The defendants are entitled to judgment as a matter of law and their motion for summary judgment will be **GRANTED**. This action will be **DISMISSED WITH**

8

**PREJUDICE**.  The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

      **AN APPROPRIATE ORDER WILL ENTER.**

                                      */s/Harry S. Mattice, Jr.*
                                      HARRY S. MATTICE, JR.
                                      UNITED STATES DISTRICT JUDGE